IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ALBERT LEE JONES, PRO SE, §
also known as ALBERT JONES, §
TDCJ-CID No. 1663399, §
Previous TDCJ-CID No. 805962, §
TDCJ-CID No. 1205451, §
§
    Plaintiff, §
§
v. § 2:11-CV-0088
§
Dr. NFN BASSE; §
Mrs. NFN TENORIO, Nurse Petitioner; and §
Mrs. NFN WALLACE, Administrator, §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ALBERT LEE JONES, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

On May 6, 2011, a Report and Recommendation issued recommending that plaintiff's claims be dismissed with prejudice as frivolous and for failure to state a claim on which relief can be granted. Plaintiff responded by filing an Amended Complaint.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).

The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994).

In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

By his Amended Complaint, plaintiff repeats his allegation that he had an interview with a medical care provider, Nurse Griffin, about having a toenail pulled, but, when the nurse spoke with defendant Dr. BASSE, he stated he wouldn't pull any toenails unless they start to bleed or get infected. Plaintiff states his toe nail is already infected and is causing him pain.

Plaintiff's amended complaint is not very different from his original complaint. Plaintiff does not allege the nurse agrees that his toenail is infected, that the nurse has told defendant BASSE the toenail is infected, that plaintiff has ever been seen by defendant BASSE, or that defendant BASSE knows his toenail is infected. Plaintiff asserts defendant BASSE has omitted giving him the medical care he needs. All plaintiff has alleged is facts which, at most, might support a claim of negligence, if even that. Negligence will not support an award of relief under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Consequently, plaintiff's claim against defendant BASSE lacks an arguable basis in law and is frivolous.

As to defendant TENORIO, plaintiff claims she has failed to respond reasonably. Plaintiff has failed to present any factual allegation concerning defendant TENORIO and has failed to state a claim of any sort against this defendant.

Concerning defendant WALLACE, plaintiff identifies her as an administrator, and claims she has deprived him of a basic human need. Assuming that the human need in question is medical care, plaintiff does not allege defendant WALLACE is a medical care giver or has ever given him medical care. It appears his claim against her is based entirely upon her supervisory position; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he or she is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (per curiam ). Plaintiff has alleged no fact demonstrating personal involvement by defendant WALLACE and has alleged no fact showing any causal connection between her act(s) or omission(s) and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant WALLACE fail to state a claim on which relief can be granted.

## CONCLUSION

Plaintiff has had the opportunity to amend his complaint and has further enjoyed the benefit of a Questionnaire designed to elicit the relevant facts. It appears plaintiff has stated his best case, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), and there is no need for a

further factual statement from plaintiff. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ALBERT LEE JONES is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the \_\_\_17t\_\_\_ day of June, 2011.

MARY LOU ROBINSON
United States District Judge